**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

*Desiree Grace Latzer*
*Assistant United States Attorney*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*

*Direct Dial: (973) 645-2708*
*Facsimile: (973) 645-3316*

September 25, 2019

**Via ECF & E-Mail**

Honorable Claire C. Cecchi
United States District Judge
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re: *United States v. Quentin Jackson, et al.*
Crim. No. 19-184 (CCC)

Dear Judge Cecchi:

The Government writes to clarify the scope and purpose of the hearing currently scheduled to occur before Your Honor on October 17, 2019. Specifically, for the reasons set forth herein, the Government respectfully submits that an evidentiary hearing is neither necessary nor legally appropriate in this case.

As the Court is aware, to obtain an evidentiary hearing, a defendant must show a "colorable claim" that his or her constitutional rights have been violated. *United States v. Brink*, 39 F.3d 419, 424 (3d Cir. 1994). In *United States v. Voigt*, the Third Circuit expounded on the "colorable claim" standard, explaining that a claim is "colorable" if it consists "of more than mere bald-faced allegations of misconduct." 89 F.3d 1050, 1067 (3d Cir. 1996). Moreover, a hearing is proper only if there are "issues of fact material to the resolution of the defendant's constitutional claim." *Id.*; *see also United States v. Panitz*, 907 F.2d 1267, 1273-74 (1s Cir. 1990) ("The test for granting an evidentiary hearing in a criminal case should be substantive: [D]id the defendant make a sufficient threshold showing that material facts were in doubt or dispute?"); *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986) (internal citations omitted) ("Whether an evidentiary hearing is appropriate rests in the reasoned discretion of the district

court. An evidentiary hearing on a motion to suppress ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in issue."). Disputed facts are "material" if they "make[] a difference in the outcome" of the motion. *United States v. Persinger*, 284 Fed. App'x 885, 887 (3d Cir. 2008) (citing *United States v. Juarez,* 454 F.3d 717, 720 (7th Cir. 2006)).

"Evidentiary hearings on [motions to suppress] are not granted as a matter of course. *United States v. Hines*, 628 F.3d 101, 105 (3d Cir. 2010) (citing Fed. R. Crim. P. 12(c)); *accord United States v. Brewer*, Crim. No. 13-13-03, 2015 U.S. Dist. LEXIS 62260, *8, 2015 WL 2250150 (M.D. Pa. May 12, 2015). Rather, "the purpose of an evidentiary hearing in the context of a suppression motion is to assist the court in ruling upon a defendant's specific allegations of unconstitutional conduct—its purpose is not to assist the moving party in making discoveries that, once learned, might justify the motion after the fact." *Hines*, 628 F.3d at 105.

Notably, neither Dayvon Williams ("Williams") or Quentin Jackson ("Jackson") (collectively, "Defendants") requested an evidentiary hearing in their pretrial motions submissions. Surely had either made such a request, the Government would have expressed its opposition at that juncture. To the contrary, Defendants cited to the uncontested facts set forth in the discovery provided in this case and, in fact, provided the documents supporting these uncontested facts for the Court's review. *See* D.E. 28-1 (Declaration of Counsel for Williams enclosing supporting documentation); D.E. 30 (Declaration of Counsel for Jackson enclosing supporting documentation). The closest that either Defendant came to challenging the uncontested facts was Williams's reply submission, in which Williams claimed that the Government "incorrectly or differently states some of the 'facts.'" *See* D.E. 34, at 1. But Williams then proceeded to state that these differently stated facts are concessions that weigh in his favor. *Id.* Most importantly, though, not one of the three facts that Williams purportedly challenges is *material* to any of the Court's determinations.

For example, Williams challenges the Government's statement that "upon noticing the officers, several members of the group began to scatter." *See* D.E. 34, at 2. But the uncontested police report to which Williams himself cites states that "*simultaneously*" to the officer's arrival and immediate discovery of a firearm on co-defendant, Abdulalim Hardy, "Officer O'Neill began pursuing a male who was wearing a green in color Bomber style jacket (identified as [Williams]) who after running up the front stairs of 130 Grant Avenue and jumping over a locked fence, fled northbound through a driveway of this location." *See* D.E. 28-1, at 8. The difference between these statements—to the extent there is one—is unequivocally immaterial to the issues before the Court. The critical fact, which no one disputes, is that Williams fled. "Headlong flight—wherever it occurs—is

the consummate act of evasion: It is not necessarily indicative of wrongdoing, but it is certainly suggestive of such." *Illinois v. Wardlow*, 528 U.S. 119, 124-25 (2000) (citing *United States v. Cortez*, 449 U.S. 411, 418 (1981)); *see also United States v. Brignoni-Ponce*, 422 U.S. 873, 885 (1975) (holding that nervous, evasive behavior is a pertinent factor in determining reasonable suspicion); *Florida v. Rodriguez*, 469 U.S. 1, 6 (1984) (per curiam) (reiterating same as well-established principle); *United States v. Sokolow*, 490 U.S. 1, 8-9 (1989) (same).

Such is likewise the case for Williams's reference to the Government's supposed "concession" that "Lt. Broderick did not purportedly see the gun butt in Mr. Williams's pocket until after Officer Bove pulled his gun." Indeed, it is undisputed that Officer Bove observed Williams's codefendant with a firearm, causing Officer Bove to draw his weapon for officer safety, which, in turn, resulted in the Defendants fleeing and Williams abandoning his weapon. And similarly, the Government's supposed "concession" that the officers were in that area on proactive patrol and "not because they had reason to believe that Mr. Williams had committed, or was committing, an offense," D.E. 34, at 1, is equally inconsequential.

These facts are neither disputed nor material. The legal principles that govern Defendants' claims—namely, those governing reasonable suspicion, seizure, abandonment, and the exclusionary rule—do not, in any way, turn on the purported "concessions" to which Williams cites. Because Defendants' "motion[s] did not state a claim, raise a material fact, or dispute the government's version of events," *Hines*, 628 F.3d at 105, an evidentiary hearing is not required. *See also United States v. Lewis*, 40 F.3d 1325, 1332 (1st Cir. 1994) ("[T]he district court was completely justified in refusing to hold an evidentiary hearing where the factual matters were essentially uncontested."). The Government, therefore, respectfully requests that the parties proceed with oral argument on October 17, 2019, solely to argue the controlling legal precedent and its application to the undisputed facts in this case.

Respectfully submitted,

CRAIG CARPENITO
United States Attorney

By: ____________________________
Desiree Grace Latzer
Assistant U.S. Attorney

cc: Michael V. Gilberti, Esq., *Counsel for Defendant Dayvon Williams*
Elizabeth H. Smith, Esq., *Counsel for Defendant Quentin Jackson*